

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1189-13

**NILDA ILIANA RODRIGUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S MOTION FOR REHEARING
### FROM THE THIRD COURT OF APPEALS
### BELL COUNTY

**MEYERS, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

We granted Appellant's motion for rehearing in order to clarify our order that the trial court reform Appellant's conviction from felony murder to injury of a child and conduct a new punishment hearing based on the reformed conviction. Appellant argues that remanding the case for an entirely new trial, rather than reforming the conviction and conducting a new punishment hearing, is the proper disposition. We agree.

Appellant was charged with felony murder with injury to a child as the underlying

offense. We determined that the evidence was insufficient to support the felony murder conviction, but that the jury necessarily found her guilty of the lesser-included offense of injury to a child. However, the indictment stated that she "did then and there intentionally, knowingly, recklessly and with criminal negligence commit and attempt to commit a felony, namely injury to a child." The application paragraph of the jury charge included each of these mental states in the disjunctive, and the court defined each one. Then, when Appellant was convicted, the jury entered a general verdict. Therefore, there is no way to know whether the jury found that Appellant acted intentionally, knowingly, recklessly, or with criminal negligence in the starvation of her child. This is significant because the injury to a child offense contains varying penalties based on the culpable mental state of the defendant, and without a determination on mental state, the jury will have no guidance on the applicable punishment range. TEX. PENAL CODE § 22.04(e)-(g). Therefore, simply reforming Appellant's conviction is not a workable resolution in this case.

In *Thornton v. State*, we held that:

> [I]n deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized--indeed required--to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.

425 S.W.3d 289, 300 (Tex. Crim. App. 2014) (footnote omitted). In deciding *Thornton*, however, we did not consider the situation in this case, where there are multiple lesser-included offenses that the court of appeals could reform the appellant's conviction to. We made clear in *Thornton* that reformation is necessary where the jury found every element of the lesser-included offense and the evidence was sufficient to support a conviction on that offense in order to avoid an unjust acquittal. However, we did not intend for mandatory reformation to extend to circumstances where there are multiple lesser-included offenses that meet the criteria for reformation, or where we have no way to determine which degree of the lesser-included offense the jury found the appellant guilty of, as in Appellant's case. Therefore, we are remanding Appellant's case to the trial court for a new trial.[1]

The judgment of the court of appeals is reversed, and the case is remanded to the trial court for a new trial on the lesser-included offense of injury to a child by omission.

Delivered: February 25, 2015

Publish

---

[1]Because it is not an offense to cause injury to a child by omission with criminal negligence, it will have to be shown that Appellant acted intentionally, knowingly, or recklessly in the death of her child. TEX. PENAL CODE § 22.04(a).